IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUCHELL MAGEE,

    Plaintiff,       CV F 07 1766 OWW WMW P

  vs.       ORDER TO SHOW CAUSE

R.E. COYLE, et al.,

    Defendants.

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has submitted request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

    Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison, brings this civil rights action against judges of the Eastern District of California, along with state officials involved in Plaintiff,s underlying criminal process.

    The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon

which relief may be granted, unless the prisoner is under imminent danger of serious injury."

This plaintiff has, on 3 prior occasions, brought civil actions challenging the conditions of his confinement.   All three action were dismissed as frivolous, or for failure to state a claim upon which relief can be granted.   Among the dismissals suffered by plaintiff that count as strikes under 1915(g) are case numbers Magee v. Galaza, CV F 01 5467 REC DLB P; Magee v. Ishii, CV F 01 6344 OWW DLB P; Magee v. Scott, CV F 05 0348 AWI LJO P; Magee v. Bravo, CV F 03 6764 REC WMW P.

Plaintiff's complaint consists of rambling allegations, including allegations of conduct by state officials in the 1980s, conduct by judicial officers in ruling on Plaintiff's various habeas petitions, and conduct relating to his underlying criminal conviction in 1963.  Plaintiff fails to allege any facts indicating that he is in imminent danger of serious injury.

Accordingly, IT IS ORDERED that Plaintiff show cause, within thirty days, why he should not be denied leave to proceed in forma pauperis and directed to pay the filing fee in full.

IT IS SO ORDERED.

**Dated:   December 18, 2007**          **/s/  William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGEIT IS SO ORDERED.

**Dated:   December 18, 2007**          **/s/  William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE