```
 1
 2                    IN THE UNITED STATES DISTRICT COURT
 3                    FOR THE EASTERN DISTRICT OF CALIFORNIA
 4
 5
 6  RUCHELL MAGEE,
 7            Plaintiff,                CV F 07 1766 OWW WMW P
 8       vs.                            FINDINGS AND RECOMMENDATION
 9
10  R.E. COYLE, et al.,
11            Defendants.
12
13
```

14    Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.
15 § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.
16 § 636(b)(1).  Plaintiff has submitted request to proceed in forma pauperis pursuant to 28 U.S.C.
17 § 1915(a).

   Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison, brings this civil rights action against judges of the Eastern District of California, along with state officials involved in Plaintiff,s underlying criminal process.

   The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief

1  may be granted, unless the prisoner is under imminent danger of serious injury." 28 U.S.C. §
2  1915 (g).
3      This plaintiff has, on 3 prior occasions, brought civil actions challenging the conditions of
4  his confinement.   All three action were dismissed as frivolous, or for failure to state a claim
5  upon which relief can be granted.   Among the dismissals suffered by plaintiff that count as
6  strikes under 1915(g) are case numbers <u>Magee v. Galaza</u>, CV F 01 5467 REC DLB P; <u>Magee v.
7  Ishii</u>, CV F 01 6344 OWW DLB P; <u>Magee v. Scott</u>, CV F 05 0348 AWI LJO P; <u>Magee v. Bravo</u>,
8  CV F 03 6764 REC WMW P.
9      Plaintiff's complaint consists of rambling allegations, including allegations of conduct by
10 state officials in the 1980s, conduct by judicial officers in ruling on Plaintiff's various habeas
11 petitions, and conduct relating to his underlying criminal conviction in 1963.  Plaintiff fails to
12 allege any facts indicating that he is in imminent danger of serious injury.
13     Accordingly, on December 18, 2007, an order to show cause was entered, directing
14 Plaintiff to show cause why his application to proceed in forma pauperis should not be denied
15 pursuant to 28 U.S.C. § 1915(g).  On February 25, 2008, Plaintiff filed a response to the order to
16 show cause.
17     In his response, Plaintiff continues to refer to his underlying criminal conviction.
18 Plaintiff asserts allegations of racism and prejudice on the part of the Court.  Plaintiff does not,
19 however, make any argument that the complaint in this action alleges any facts that satisfy the
20 standard set forth in 28 U.S.C. § 1915(g).  Plaintiff does refer to an order entered by U.S.
21 District Vaughn Walker in the Northern District that found the PLRA inapplicable.  That case
22 was an application for a writ of habeas corpus.  This action is brought pursuant to 42 U.S.C. §
23 1983.
24     Accordingly,  IT IS HEREBY RECOMMENDED that:
25  1.  Plaintiff's application to proceed in form pauperis be denied pursuant to 28 U.S.C. §
26

2

1915(g).

    2.  Plaintiff be directed to submit the $350 filing fee in full, or suffer the dismissal of this action for failure to prosecute pursuant to Local Rule 11-110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 10, 2008**             /s/  **William M. Wunderlich**
                                        UNITED STATES MAGISTRATE JUDGE