IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUCHELL CINQUE MAGEE,

      Plaintiff,                    CV F 07 1766 OWW WMW   P

  vs.                                ORDER RE FINDING AND
                                      RECOMMENDATION (DOC 16)

R. E. COYLE, et al.,

      Defendants.

      Plaintiff is a state prisoner proceeding pro se in a civil rights action challenging the conditions of his confinement.

      On December 18, 2007, an order was entered, directing Plaintiff to show cause, within thirty days, why his application to proceed in forma pauperis should not be denied pursuant to 28 U.S.C. § 1915(g). On February 25, 2008, Plaintiff filed a response to the court's order.

      The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury." 28 U.S.C. § 1915(g).

      This plaintiff has, on 3 prior occasions, brought civil actions challenging the

1  conditions of his confinement.  All three action were dismissed as frivolous, or for failure to state
2  a claim upon which relief can be granted. <u>Magee v. Galaza</u>, CV F 01 5467 REC DLB P; <u>Magee</u>
3  <u>v. Ishii</u>, CV F 01 6344 OWW DLB P; <u>Magee v. Scott</u>, CV F 05 0348 AWI LJO P; <u>Magee v.</u>
4  <u>Bravo</u>, CV F 03 6764 REC WMW P.   Plaintiff is therefore not entitled to proceed in forma
5  pauperis unless he alleges facts indicating that he is in imminent danger of serious physical
6  injury.  There are no such facts alleged in this case.  Plaintiff's complaint consists of rambling
7  allegations, including allegations of conduct by state officials in the 1980s, conduct by judicial
8  officers in ruling on Plaintiff's various habeas petitions, and conduct relating to his underlying
9  criminal conviction in 1963.  Plaintiff fails to allege any facts indicating that he is in imminent
10 danger of serious injury.

11         Accordingly, on March 10, 2008, findings and recommendations were entered,
12 recommending that:

13         1. Plaintiff's  application to proceed in forma pauperis be denied pursuant to 28 U.S.C. §
14 1915(g).

15         2. Plaintiff be directed to submit, within thirty days of the date of service of this order,
16 the $350 filing fee in full.  Plaintiff's failure to do so will result in dismissal of this action
17 pursuant to Local Rule 11-110 for failure to obey a court order.

18         On March 20, 2008, Plaintiff filed objections to the findings and recommendations.
19 Plaintiff's objections, though lengthy, fail to address the specific finding that he is ineligible to
20 proceed in forma pauperis.  Plaintiff does not indicate how he has alleged any facts that satisfy
21 the standard set forth in section 1915(g).

22         In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305,
23 this court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file,
24 the court finds the findings and recommendations to be supported by the record and proper
25 analysis.
26

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on March 10, 2008, are adopted in full; and

2. Plaintiff's application to proceed in forma pauperis is denied pursuant to 28 U.S.C. § 1915(g).

3. Plaintiff is directed to submit, within thirty days of the date of service of this order, the $350 filing fee for this action in full.  Plaintiff's failure to do so will result in dismissal of this action pursuant to Local Rule 11-110 for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   April 14, 2008**                                   **/s/ Oliver W. Wanger**
                                                              UNITED STATES DISTRICT JUDGE