IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUCHELL CINQUE MAGEE,

        Plaintiff,         1: 07 CV 1766 OWW WMW PC

   vs.                   ORDER RE MOTION (DOC 21)

R. COYLE, et al.,

        Defendants.

      Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion to recuse the U.S. District Judge Assigned to this case.

      The substantive standard for recusal, whether sought under 28 U.S.C. §144 or §455, is the same: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) citing Unites States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted). The alleged bias must stem from and "extrajudicial source." Liteky v. United States, 510 U.S. 540 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Id. at 555; Poland v. Stewart, 92 F.3d 881 (9th Cir. 1996). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of current proceedings, or of prior proceedings, do not constitute a basis for a bias or

partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." United States v. Conforte, 624 F.2d 869, 882 (9th Cir. 1980), cert. denied, 449 U.S. 1012 (1980) (a judge's views on legal issues may not serve as a basis for motions to disqualify).

In his motion, Plaintiff asserts unsubstantiated allegations of misconduct on the part of U.S. District Judges and U.S. Magistrate Judges in this court.  Plaintiff contends that they have entered in to conspiracies with prison officials to murder Plaintiff, and that they conspired in the events surrounding his criminal process in 1970.   Plaintiff also levels conclusory allegations of bias.

Plaintiff's conclusory allegations of bias fail to establish legally sufficient grounds for recusal.  See Yagman v. Republic Ins., 987 F.2d 622, 626-27 (9th Cir. 1993)(concluding that speculative assertions of invidious motive are insufficient to show judicial bias).   The Court finds that Plaintiff's motion fails to meet the standard set forth above.   The legal issue in this case is clear - Plaintiff is not authorized to proceed in forma pauperis.  Plaintiff may only proceed in this action if he submits the filing fee, in full.  Plaintiff may not avoid this requirement by manufacturing allegations of judicial bias.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to recuse the undersigned is denied.

IT IS SO ORDERED.

**Dated:   February 9, 2009**              /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE